**Aloysius G. MCFALL, and John T. McFall, Plaintiffs,**

v.

**REGISTER OF WILLS FOR BUCKS COUNTY, PENNSYLVANIA et al., Defendants.**

**No. Civ.A.04–CV–1131.**

United States District Court, E.D. Pennsylvania.

Dec. 17, 2004.

Aloysius G. McFall, Doylestown, PA, pro se.

John T. McFall, Doylestown, PA, pro se.

Neil Alan Morris, Neil A. Morris Associates, PC, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

### I. Introduction

*Pro se* plaintiffs Aloysius G. McFall and John T. McFall filed a complaint against the following defendants: Register of Wills for Bucks County; Barbara G. Reilly, Register of Wills; Rebecca Ann Kiefer, Deputy Register of Wills; and Harold B. Vikoren, Solicitor to the Register of Wills. Their complaint alleges that defendants violated their civil rights by improperly revoking or purporting to revoke the Letters Testamentary that plaintiffs were granted more than two years prior, without according plaintiffs their right to due process. Defendants have moved to dismiss and/or strike plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6), 12(b)(1), and 12(f). For the reasons that follow, I will grant defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to

state a claim upon which relief can be granted.

## II. Background

These are the facts as presented by the complaint. On June 19, 2001, plaintiffs appeared at the office of the Register of Wills, requested, and were granted Letters Testamentary for the Estate of Margaret K. McFall, deceased. Approximately two years and seven months later, after plaintiffs had conducted numerous transactions with the Register's office in their official capacity as Executors of the Estate, the Deputy Register of Wills wrote two separate letters to plaintiffs dated February 2, 2004. These letters are virtually identical except that each letter names one of the plaintiffs. The letters state in relevant part:

> According to the Pa.C.S.A. # 3154 the affidavit to a petition for the grant of letters and oath of the fiduciary relative to the performance of his duties shall be taken before and administered by the register of wills. The oath of fiduciary on the petition for probate was signed before a notary instead of the Register of Wills.
>
> Therefore Letters Testamentary for the estate of Margaret K. McFall, estate # 2001–1213 are hereby revoked as [sic] February 2, 2004 and co-executors, Aloysius G. McFall and John T. McFall must sign a new petition in the presence of a clerk in the Register of Wills office.... There is also a balance due of $50.00 for an increase in the estimated value of the estate. New Letters will be issued to Aloysius G. McFall and John T. McFall after a new petition has been signed and additional probate fees have been paid.

(Compl.Ex. B.) Plaintiff John T. McFall submitted a letter appealing and requesting reconsideration of the revocation, and plaintiff Aloysius G. McFall submitted a letter entitled "FORMAL DEMAND—DEADLINE IMPOSED," which demanded that the Register of Wills rescind the "revocation" of the Letters Testamentary because it violated his Fourteenth Amendment Due Process rights. (*Id.* Ex. C & D.)

Defendant Harold B. Vikoren then sent a letter to plaintiffs dated February 23, 2004, which explained that no Letters Testamentary were ever legally issued to plaintiffs, because the probate clerk who appeared to have issued Letters Testatmentary on June 19, 2001 did not have authority to do so. (Compl.Ex. E.) That letter also indicated that by that time Plaintiff Aloysius G. McFall had signed a replacement petition and taken an oath and received new Letters Testamentary. (Compl.Ex. E.) On March 1, 2004, Plaintiffs filed a petition for a writ of mandamus with the Orphans' Court Division of the Court of Common Pleas of Bucks County, Pennsylvania asking the Court to direct the Register of Wills to rescind the revocation.

On August 11, 2004, after the complaint and motion to dismiss were filed, the Orphans' Court issued a decree deciding plaintiffs' petition for appeal:

> AND NOW, this 11th day of August, 2004, upon consideration of the Petition For Appeal From Action Of The Register Of Wills Revoking Letters Testamentary ... It is hereby ORDERED and DECREED that:
>
> 1. The appeal is sustained;
>
> 2. The revocation of Letters Testamentary by the Register of Wills on February 2, 2004 is null and void and therefore is rescinded;
>
> 3. Valid probate of the Will of Margaret K. McFall, Deceased occurred on June 19, 2001 and Aloysius G. McFall and John T. McFall, the named executors received Letter [sic] Testamentary on that date which remain in full force and effect; and

4. The document entitled Formal Caveat filed on February 17, 2004 by Margaret Mary McFall, Richard T. McFall and Claire M. McFall–Campion is stricken.

*In Re Estate of Margaret K. McFall*, No. 20010618 (Aug. 11, 2004) *available at* (Defs.' Supplemental Reply Br. Ex. A.)

## III.  Jurisdiction

The plaintiffs claim that jurisdiction is proper because the complaint involves matters arising under the Constitution of the United States.  Federal courts have jurisdiction for claims arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331.

■■■ Defendants argue that federal jurisdiction for this action is barred by the *Rooker–Feldman* doctrine.  A recent Third Circuit decision describes the *Rooker–Feldman* doctrine:

> The *Rooker–Feldman* doctrine, which derives its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), "preclude[s] lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts."

*Desi's Pizza, Inc. v. City of Wilkes–Barre*, 321 F.3d 411, 418 (3d Cir.2003) (quoting *Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir.2000) (citations omitted)).  A claim has not been "actually litigated" for purposes of the *Rooker–Feldman* doctrine if the plaintiff did not present the federal claims in the state court proceeding or if the state court's opinion "contains no discussion of any issues of federal law."  *Desi's Pizza, Inc.*, 321 F.3d at 420–21.  A claim is not "inextricably intertwined" unless "the federal court must determine that the state court judgment was erroneously entered" in order to grant the federal plaintiff the relief sought or "the federal court must . . . take action that would render [the state court's] judgment ineffectual."  *Id.* at 421 (citations omitted).

■■■ In the present case, John T. McFall's letter seeking to appeal the revocation included only state law claims.  Aloysius G. McFall's letter entitled "FORMAL DEMAND" asserted his Fourteenth Amendment due process rights.  Although Aloysius G. McFall arguably presented his federal claim to the state court if that letter was considered by the court, the court's decree makes no mention of federal law.  Therefore, the claim before me has not been "actually litigated" for purposes of the *Rooker–Feldman* doctrine.  In addition, a decision regarding plaintiffs' federal claim by this court does not require a determination that the state court judgment was erroneous, nor would it render the state court judgment ineffectual.  Therefore, the present claim is also not "inextricably intertwined" with the adjudication by the state court.  This court has jurisdiction to decide the present dispute.[1]

---

1. Defendants initially argued that the court should abstain from the exercise of federal jurisdiction because of the *Pullman* abstention doctrine, the *Burford* abstention doctrine, and the *Colorado River* abstention doctrine.  These abstention doctrines seek to avoid federal decisions where there is unclear state law, a particular need to defer to complex state administrative procedures, or where certain parallel proceedings in state court make federal court jurisdiction inappropriate.  *See* Erwin Chemerinsky, *Federal Jurisdiction* §§ 12.2.1, 12.2.3, 14.2 (4th ed.2003).  The Orphans' Court Division of the Court of Common Pleas of Bucks County, Pennsylvania issued its decree deciding the state law claims after the defendants filed their motion to dismiss.  These abstention doctrines are no longer applicable to the present case.

## IV. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A court may dismiss a complaint only if it appears that the plaintiff "could prove no set of facts that would entitle him to relief." *Alston v. Parker*, 363 F.3d 229, 233 (3d. Cir.2004). A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in his favor. *Id.*

Because plaintiffs have "filed [their] complaint *pro se*, [I] must liberally construe [their] pleadings, and ... apply the applicable law, irrespective of whether the pro se litigant[s] [have] mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir.2003); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). " 'Liberal construction' of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 794, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring). "Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston*, 363 F.3d at 234 (citation omitted.)

## IV. Discussion

█ In their complaint, plaintiffs bring a claim pursuant to Title 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equi-ty, or other proper proceeding for redress.

42 U.S.C. § 1983 (2003). To establish a claim under section 1983, plaintiffs must show that defendants "1) were state actors who 2) violated [their] rights under the Constitution. or federal law." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169–70 (3d Cir.2004) (citations omitted). Defendants do not dispute that they were state actors. The remaining question is whether defendants violated plaintiffs' rights under the Constitution or federal law.

Plaintiffs allege that defendants denied plaintiffs' Fourteenth Amendment due process rights. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 2.

In the present case, there has been no deprivation of life, liberty, or property. The recent decision by the Orphans' Court Division of the Court of Common Pleas of Bucks County, Pennsylvania decided that the February 2, 2004 letters purporting to revoke plaintiffs' Letters Testamentary were "null and void." The court made it even more clear that the Letters Testamentary were never legally revoked by stating, "Valid probate of the Will of Margaret K. McFall, Deceased occurred on June 19, 2001 and Aloysius G. McFall and John T. McFall, the named executors received Letter [sic] Testamentary on that date which remain in full force and effect." Assuming without deciding that plaintiffs had a property interest in the Letters Testamentary, defendants never deprived plaintiffs of that property interest. Therefore, plaintiffs' complaint must be dismissed for failure to state a claim.

## V. Conclusion

Assuming that all facts presented by plaintiffs' complaint are true, plaintiffs

have still failed to state a claim upon which relief can be granted. Defendants' motion to dismiss is granted.

## ORDER

**AND NOW**, this *17th* day of December 2004, it is **ORDERED** that defendants' motion to dismiss the complaint (Docket # 8) is **GRANTED**.